UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT J. NICOLETTA,

               Plaintiff,

     -*against*-

ENDONOVO THERAPEUTICS, INC,

               Defendant.

**ORDER**
25-CV-4067

EDGARDO RAMOS, United States District Judge:

The underlying dispute between Robert Nicoletta and Endonovo Therapeutics Inc.

("Endonovo") stems from Endonovo's alleged violations of the Securities Act of 1933 and the

Securities Exchange Act of 1934. *See* Doc. 2. Nicoletta alleges that, in 2022, Endonovo

employed a broker who solicited Nicoletta's investment in a $100,000 promissory note, even

though the broker was not registered to solicit or sell securities. *Id.* ¶ 1. On June 24, 2022, in

connection with Nicoletta's investment, Endonovo executed a promissory note (the "Promissory

Note") in favor of Nicoletta and the parties executed a securities purchase agreement (the

"SPA"). *Id.* ¶ 11. Section 4.6 of the Promissory Note allows for arbitration, at Nicoletta's

election, for disputes arising out of the Promissory Note:

> Any action brought by either party against the other arising out of or related to this Note,
> or any agreements between the parties shall be commenced only in the State of New
> York, County of Westchester or federal courts of general jurisdiction located in the
> Southern District of New York, except that all such disputes between the parties shall be
> subject to alternative dispute resolution through binding arbitration at the Holder's sole
> discretion and election (regardless of which party initiates the legal proceedings).

*Id.* ¶ 15; Doc. 2-1 at 13. Meanwhile, Section 9(A) of the SPA states that, any action arising out

of the SPA or the Promissory Note shall only be brought in a state or federal court:

> Any action brought by either party against the other concerning the transactions
> contemplated by this Agreement, the Note or any other agreement, instrument or

document contemplated hereby shall be brough only in the state or federal courts located in the County of Westchester, State of New York.

Doc. 2 ¶ 19; Doc. 2-2 at 19.

Both the Promissory Note and the SPA indicate include a choice of law provision stating that the contracts are governed by the laws of Delaware.  Doc. 2-1 at 13 (the Promissory Note, stating that "[t]his Note shall be governed and construed in accordance with the laws of the State of Delaware without regard to the principles of conflicts of laws."); Doc. 2-2 at 19 (the SPA, stating, "[t]his Agreement shall be governed by a construed in accordance with the laws of the State of Delaware without regard to the principles of conflicts of laws.").

On July 25, 2024, pursuant to Section 4.6 of the Promissory Note, Nicoletta initiated arbitration against Endonovo with JAMS, alleged five claims against Endonovo, and sought over $77,000 in damages.  Doc. 2. ¶ 12–14.  On August 14, 2024, Endonovo filed an opposition with JAMS, arguing that the SPA required that all disputes shall be resolved in a federal or state court in Westchester County and that a court must decide whether Section 4.6 of the Promissory Note or Section 9(a) of the SPA controls which forum could hear the dispute.  Doc. 2 ¶ 18.  On August 28, 2024, JAMS issued a letter to all parties, stating:

> Claimant seeks arbitration under a Promissory Note dated June 24, 2022.  Section 4.6 of the Promissory Note provides that "disputes between the parties shall be subject to alternative dispute resolution through binding arbitration at the Holder's sole discretion and election"; however, the Promissory Note does not name JAMS or the JAMS Rules. In light of this and Respondent's objection, JAMS is unable to proceed with administration at this time.
>
> If the parties agree or a court orders the parties to proceed at JAMS, we will resume administration.

Doc. 2-9 at 2.

2

Nicoletta filed the complaint in the instant action on May 15, 2025, requesting that the Court issue an order compelling arbitration before JAMS pursuant to the Federal Arbitration Act ("FAA").  Doc. 2.  Nicolleta attached copies of the Promissory Note, the SPA, his claims before JAMS, and the Augst 28, 2024 JAMS letter.  Docs. 2-1–2-9.  On July 8, 2025, Nicoletta filed an affidavit of service as to Endonovo, indicating that Endonovo was served the summons and complaint on June 18, 2025.  Doc. 7.  On September 2, 2025, Nicoletta filed a proposed clerk's certificate of default which was issued later that day.  Docs. 17–19.  On March 5, 2026, Nicoletta filed a proposed order to show cause for default judgment, and the Court heard oral argument on the issue on April 9, 2026.  *See* Docs. 23–24; Docket Entry Dated April 9, 2026.  To date, Endonovo has not entered an appearance in the instant case nor otherwise participated in the proceedings.

Courts in this district have found that granting a default judgment for a motion to compel arbitration under the FAA is proper where defendants fail to defend the motion in any sense and where the well pleaded allegations lead to a legal basis for liability.  *See e.g. CKR Law LLP v. Anderson Investments International, LLC,* 544 F. Supp. 3d 474, 481–83 (S.D.N.Y. 2021) (granting default judgment where (1) defendants failed to appear, file any responsive filings on the docket, or appear at a telephonic conference; and (2) where the contract at issue contained an enforceable arbitration agreement).

In the instant case, it is first clear that Endonovo has failed to defend the action in any sense.  Despite being served, Endonovo has not entered an appearance; filed anything on the docket; nor appeared at the April 9, 2026 hearing before the Court.

3

Further, the Court finds that the Promissory Note contains an enforceable arbitration agreement for claims arising under it, despite the conflicting language in the SPA.  According to their terms, both contracts are governed by Delaware law.  Docs. 2-1 at 13; 2-2 at 19.  According to Delaware Law, all provisions in a contract are presumed to have meaning, and further, where a specific provision conflicts with a general provision in the contract, the specific provision will govern.  *See Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010) ("'We will read a contract as a whole and we will give each provision and term effect, so as not to render any part of the contract mere surplusage.'  We will not read a contract to render a provision or term 'meaningless or illusory'") (internal citations omitted); *DCV Holdings, Inc. v. ConAgra, Inc.*, 889 A.2d 954, 961 (Del. 2005) ("Well-settled rules of contract construction require that a contract be construed as a whole, giving effect to the parties' intentions.  Specific language in a contract controls over general language, and where specific and general provisions conflict, the specific provision ordinarily qualifies the meaning of the general one.") (internal citations omitted).

Here there is a conflict between Section 4.6 of the Promissory Note, which allows for actions to be brought in arbitration, and Section 9(A) of the SPA, which requires that actions only be brought in state or federal court.  *See* Docs. 2-1 at 13; 2-2 at 19.  However, as Nicoletta argues, the text of the Promissory Note's provision appears more specific than that of the SPA.  *Compare* Doc. 2-1 at 13 (the Promissory Note, applying to actions "arising out of or related to this Note, or any agreements between the parties") *with* Doc. 2-2 at 19 (the SPA, applying to actions "concerning the transactions contemplated by this Agreement, the Note or any other agreement, instrument or document contemplated hereby").  Accordingly, absent any argument

4

from Endonovo to the contrary, the Court finds that Nicoletta's well-pleaded complaint provides a legal basis for compelling arbitration for claims arising under the Promissory Note.

Further, as the Promissory Note states that disputes shall be "subject to alternative dispute resolution through binding arbitration at the Holder's sole discretion and election," Doc. 2-1 at 13, it follows that Nicoletta, as holder of the Promissory Note, can elect to arbitrate the claims before JAMS.

Accordingly, the Court grants Nicoletta's request for default judgment, and the parties are directed to resolve the claims under the Promissory Note through arbitration administered by JAMS.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:    April 16, 2026
          New York, New York

EDGARDO RAMOS
United States District Judge